UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAMON LOZOYA, et al.,

    Plaintiffs,

v.                                    CASE NO: 8:04-cv-852-T-23MAP

PRESTIGE GUNITE, INC., et al.,

    Defendants.
_____/

ORDER

The plaintiffs (Doc. 1) filed a claim under the Fair Labor Standards Act ("FLSA") and moved (Doc. 30) to amend the complaint to add an individual defendant and two additional claims. The motion to amend was granted as unopposed (Doc. 32). The defendants move (Doc. 33) for reconsideration of the order granting the plaintiffs' motion to amend and argue that the failure to oppose the motion resulted from mistake. The defendants' motion (Doc. 33) for reconsideration is **GRANTED**, and the order (Doc. 32) granting the plaintiffs' motion to amend is **VACATED**.

The plaintiffs seek to add Brian Mahoney as an individual defendant and submit that initial discovery has provided the plaintiffs the additional facts necessary to assert a violation of the FLSA against Mahoney as a corporate officer with "operational control" over the company. The plaintiffs' motion (Doc. 30) to add Mahoney as an individual defendant is **GRANTED**.

The plaintiffs also seek to add a claim for breach of contract and a claim under the Employee Retirement Income Security Act ("ERISA").  The defendants submit that the additional claims will delay unduly the FLSA action and will create "an unmanageable situation" because the amended action will require both an "opt-out class" and an "opt-in class."  The plaintiffs argue that this action remains both manageable and efficient notwithstanding the pendency of both a Rule 23 class action and an FLSA collective action.[1]

The procedure for a class action under Rule 23, Federal Rules of Civil Procedure, differs substantially from the procedure for an FLSA collective action.  In a class action pursuant to Rule 23 each person within the class description becomes a class member unless the person elects to "opt-out."  In a collective action pursuant to the FLSA no person becomes a member of the class without electing to "opt-in."  Chapman v. Lehman Bros., Inc., 279 F.Supp.2d 1286 (S.D. Fla. 2003) (ruling that the FLSA precludes the creation of a Rule 23 class for the FLSA claim); LaChapelle v. Owens-Illinois, Inc., 513 F.2d 286, 288 (5th Cir.1975).

The proposed additional ERISA and contract claims create the prospect of a confusing and arduous explanation to prospective class members by the mechanism of

---

[1] The parties each submit a notice directing attention to Marquez v. Prestige Gunite, Inc., Case No. 8:03-cv-01812-JDW-MSS, an FLSA collective action also pending in this district.  Marquez and this case present similar claims on behalf of separate classes of the defendants' employees and have been consolidated for discovery purposes.  This order follows District Judge Whittemore's denial of the plaintiffs' parallel motion in Marquez to add a class action ERISA claim and a class action breach of contract claim.

a notice explaining the niceties of "opt-in" and "opt-out."[2]   Also, in this action, a class pursuant to 29 U.S.C. § 216(b) has been certified (Doc. 31) and discovery has commenced.  Allowing the addition of the breach of contract claim and the ERISA claim will delay and unnecessarily encumber and impair the pending FLSA collective action.  The motion (Doc. 30) to amend to add a breach of contract claim and an ERISA claim is **DENIED**.

The plaintiffs' motion (Doc. 46) for an extension of the deadlines in the case management and scheduling order is **GRANTED**.  The case management and scheduling order (Doc. 5) is modified as follows:

| | |
|---|---|
| Notice of Consent Deadline: | August 15, 2005 |
| Discovery Cut-off: | January 30, 2006 |
| Dispositive Motion Filing: | February 28, 2006 |
| Pre-trial conference: | March 14, 2006, at 10:30 a.m. before Magistrate Judge Pizzo |

This case is removed from the October 3, 2005 trial term and
set for the April 3, 2006 trial term.

The plaintiffs' motion (Doc. 35) to continue the mediation is **GRANTED**.  The parties will mediate this action on or before December 1, 2005.  The order referring this

---

[2] To avoid the inherent difficulty of crafting an effective notice, certification of the Rule 23 action would be deferred until the close of the opt-in period of the FLSA action.  De La Fuente v. FPM Ipsen Heat Treating, Inc., No. 02 C 50188, 2002 WL 31819226 *1-2 (N.D. Ill. Dec. 16, 2002) (citing Thiebes v. Wal-Mart Stores, Inc., No. 98-802-KI, 1999 WL 1081357 *4 (D. Or. Dec. 1, 1999)).  The delay created by deferring certification of a Rule 23 class frustrates the intention that this action proceed *pari passu* with Marquez v. Prestige Gunite, Inc., Case No. 8:03-cv-01812-JDW-MSS.

case to mediation (Doc. 35) and the case management and scheduling order (Doc. 5) are otherwise unaffected.

ORDERED in Tampa, Florida, on April 21, 2005.

                                                STEVEN D. MERRYDAY
                                        UNITED STATES DISTRICT JUDGE

cc:    US Magistrate Judge
        Courtroom Deputy